CHAPTER 13 PLAN

Case No.: _____

Debtor(s): **Charlene Harris**     SS#: **xxx-xx-9385**     Net Monthly Earnings: **1,100.00**

SS#: _____     Number of Dependents: **0**

1. Plan Payments:
   ( **X** ) Debtor(s) propose to pay direct a total of $ **100.00** ☐ weekly ☐ bi-weekly ☐ semi-monthly ☒ monthly into the plan; or

   Length of plan is approximately **36** months, and the total amount of debt to be distributed by the Trustee is approximately $ **3,600.00**.

II. From the payments received, the trustee shall make disbursements pursuant to the Bankruptcy Code including:

   A. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT) [See § 1322(a)(2)]

   The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| -NONE- | | | |

   B. Total Attorney Fee: $ **1,200.00** ; **$0.00** paid pre-petition; $ **0.00** to be paid at confirmation and $ **75.00** per month **for 16 months**.

   C. The holder of each SECURED claim shall retain the lien securing such claim until a discharge is granted and such claim shall be paid in full with interest in deferred cash payments as follows:

   1. Long Term Debts:

| Name of Creditor | Total Amount of Debt | Amount of regular payment to be paid | Regular Payments to begin: Month/Year | Arrears to be paid by Trustee | Months included in arrearage amount | Proposed Interest Rate on Arrearage | Proposed Fixed Payment on Arrearage |
|---|---|---|---|---|---|---|---|
| -NONE- | | by Trustee / by Debtor | | | | | |

   2. Secured Debts (not long term debts) to be paid through Trustee:

| Name of Creditor | Adequate Protection Payments | Total Amount of Debt | Debtor's Value | Unsecured Portion | Description of Collateral | Proposed Interest Rate | Proposed fixed Payments | Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

III. Other debts (not shown in 1 or 2 above) which Debtor(s) propose to pay direct:

| Name of Creditor | Total Amount of Debt | Amount of Regular Payment | Description of Collateral | Reason for Direct Payment |
|---|---|---|---|---|
| **Ally Financial** | **$19,000.00** | **$600.00** | **2007 Chevrolet Silverado** | **Best Interest** |

IV. Special Provisions:

   ☒ This is an original plan.

   ☒ **Based on the debtor's disposable income, this plan proposes to pay unsecured creditors $1,867.00 (approximately 8%) on a pro rata distribution basis for all timely filed and allowed claims.**

   ☒ Other Provisions:
   **1. On any claim not listed on the Plan Summary, other than an arrearage claim for a post-1994 mortgage, that is later determined to be a secured claim, the Debtor(s) propose(s) that interest at the annual percentage rate of 5% be paid on the secured portion of said claim and that said claim will receive a fixed payment based on an amortization over the length of the plan.
   2. Debtor(s) propose(s) to remit to the Standing Chapter 13 Trustee all non-exempt proceeds from any lawsuit or cause of action.
   3. Debtor(s) propose(s) no adequate protection payment on any over-secured claim or to any claimant that fails to file an allowed secured claim prior to confirmation of this or any amended plan. On all claims entitled to receive an adequate protection payment, said payment shall constitute one percent (1%) of the collateral's fair market value as of the commencement of this case. Adequate protection payments shall be remitted monthly until such time as this plan of reorganization has been confirmed.
   4. Debtor(s) will continue to pay pre-petition and post-petition utility service debt (specifically including Alabama Power Electric Service Debt) in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under Sec. 366 of the United States Bankruptcy Code. Debtor(s) acknowledge(s) that the automatic stay does not bar the efforts of any utility service company (specifically including Alabama Power) to collect pre-petition and post-petition utility service debt.
   6. COUNSEL FOR DEBTOR(S) AGREE(S) TO PERFORM ALL REQUIRED AND NECESSARY SERVICES REQUIRED FOR THE REQUESTED "NO-LOOK" FEE PURSUANT TO BANKRUPTCY RULE 2016 AND LOCAL RULE 2016-1.**

Attorney for Debtor Name/Address/Telephone #
**Marshall A. Entelisano ENT001
600 Lurleen Wallace Blvd.
Suite 270
Tuscaloosa, AL 35401**
Telephone # **2057521202**

Date **January 24, 2013**

/s/ Charlene Harris
**Charlene Harris**
Signature of Debtor

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com     Best Case Bankruptcy