AMENDED CHAPTER 13 PLAN

Case No.: 13-70145

Debtor(s): **Charlene Harris**   SS#: xxx-xx-9385   Net Monthly Earnings: **1,100.00**

SS#: _____   Number of Dependents: **0**

I. Plan Payments:
   ( **X** ) Debtor(s) propose to pay direct a total of $ **100.00** ☐ weekly ☐ bi-weekly ☐ semi-monthly ☒ monthly into the plan; or
   Length of plan is approximately **36** months, and the total amount of debt to be distributed by the Trustee is approximately $ **3,600.00**.

II. From the payments received, the trustee shall make disbursements pursuant to the Bankruptcy Code including:

   A. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT) [See § 1322(a)(2)]

   The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| -NONE- | | | |

   B. Total Attorney Fee: $ **1,200.00** ; **$0.00** paid pre-petition; $ **0.00** to be paid at confirmation and $ **75.00** per month **for 16 months**.

   C. The holder of each SECURED claim shall retain the lien securing such claim until a discharge is granted and such claim shall be paid in full with interest in deferred cash payments as follows:

   1. Long Term Debts:

| Name of Creditor | Total Amount of Debt | Amount of regular payment to be paid by Trustee / by Debtor | Regular Payments to begin: Month/Year | Arrears to be paid by Trustee | Months included in arrearage amount | Proposed Interest Rate on Arrearage | Proposed Fixed Payment on Arrearage |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

   2. Secured Debts (not long term debts) to be paid through Trustee:

| Name of Creditor | Adequate Protection Payments | Total Amount of Debt | Debtor's Value | Unsecured Portion | Description of Collateral | Proposed Interest Rate | Proposed fixed Payments | Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

III. Other debts (not shown in 1 or 2 above) which Debtor(s) propose to pay direct:

| Name of Creditor | Total Amount of Debt | Amount of Regular Payment | Description of Collateral | Reason for Direct Payment |
|---|---|---|---|---|
| Ally Financial | $19,000.00 | $600.00 | 2007 Chevrolet Silverado | Best Interest |
| Bass and Associates | $5,748.36 | $177.00 | 2009 Yamaha Sport Bike | Paid by third party |

IV. Special Provisions:

   ☒ This is an AMENDED plan replacing the one dated January 24, 2013.

   ☒ **Based on the debtor's disposable income, this plan proposes to pay unsecured creditors $1,867.00 (approximately 8%) on a pro rata distribution basis for all timely filed and allowed claims.**

   ☒ Other Provisions:
   1. On any claim not listed on the Plan Summary, other than an arrearage claim for a post-1994 mortgage, that is later determined to be a secured claim, the Debtor(s) propose(s) that interest at the annual percentage rate of 5% be paid on the secured portion of said claim and that said claim will receive a fixed payment based on an amortization over the length of the plan.
   2. Debtor(s) propose(s) to remit to the Standing Chapter 13 Trustee all non-exempt proceeds from any lawsuit or cause of action.
   3. Debtor(s) propose(s) no adequate protection payment on any over-secured claim or to any claimant that fails to file an allowed secured claim prior to confirmation of this or any amended plan. On all claims entitled to receive an adequate protection payment, said payment shall constitute one percent (1%) of the collateral's fair market value as of the commencement of this case. Adequate protection payments shall be remitted monthly until such time as this plan of reorganization has been confirmed.
   4. Debtor(s) will continue to pay pre-petition and post-petition utility service debt (specifically including Alabama Power Electric Service Debt) in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under Sec. 366 of the United States Bankruptcy Code. Debtor(s) acknowledge(s) that the automatic stay does not bar the efforts of any utility service company (specifically including Alabama Power) to collect pre-petition and post-petition utility service debt.
   5. COUNSEL FOR DEBTOR(S) AGREE(S) TO PERFORM ALL REQUIRED AND NECESSARY SERVICES REQUIRED FOR THE REQUESTED "NO-LOOK" FEE PURSUANT TO BANKRUPTCY RULE 2016 AND LOCAL RULE 2016-1.

Attorney for Debtor Name/Address/Telephone #
Marshall A. Entelisano ENT001
600 Lurleen Wallace Blvd.
Suite 270
Tuscaloosa, AL 35401
Telephone # 2057521202

Date **July 10, 2013**

/s/ Charlene Harris
Charlene Harris
Signature of Debtor

✗ Amended to add

IN THE UNITED STATES BANKRUPTCY COURT
Northern District of Alabama, Western Division

| | | |
|---|---|---|
| **In the Matter of:** | § § | **Case No.** 13-70145 |
| Charlene Harris | § § | **Chapter** 13 |
| **Debtor** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Amended Chapter 13 Plan** have been served on **C. David Cottingham, Chapter 13 Trustee** via CM/ECF and on the matrix by placing a copy of the foregoing in the U.S. Mail, properly addressed and first class postage prepaid this the **9 July 2013.**

/s/ *Marshall Entelisano*

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
Attorney for Debtor
600 Lurleen Wallace Blvd.
Suite 270
Tuscaloosa, AL 35401
Telephone: 205-752-1202
Facsimile: 205-752-1203
Email: marshall@marshall-lawfirm.com